THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. MANUEL PÉREZ FERNÁNDEZ, Defendant and Appellant.

No. CR-67-228.       Decided April 19, 1968.

*Jorge López Santiago* for appellant. *J. F. Rodríguez Rivera, Acting Solicitor General,* and *Juan José Ríos Martínez, Assistant Solicitor General,* for The People.

PER CURIAM: Appellant was convicted of the crime of driving a motor vehicle under the influence of intoxicating liquor. He was sentenced to serve 20 days in jail, and his driver's license was suspended for one year counted from the time sentence was served. Feeling aggrieved, he assigns as only error on appeal: "The trial court erred in finding defendant guilty on the ground of the latter's uncorroborated admission to the effect that he was the person who was driving the automobile."

As it appears from the testimony of the witnesses, the facts were the following:

On July 1, 1963, the witness, Ángel Antonio López Pérez, was sitting on the porch of his uncle's house in kilometer 14 of highway 167 where he was visiting. He had parked his automobile there outside the highway's roadway line. Between 8 and 9 in the nighttime he saw when defendant's station wagon, which was travelling from Comerío to Bayamón, swerved off the highway and collided with his car. The first time that he was able to see defendant was after the accident, when he alighted from the station wagon. When questioned by defendant's lawyer, he testified the following: (Tr. Ev. 6–7)

"Q. Where was he when you saw him for the first time?

"A. In front of the car. He alighted from the station wagon. He was observing what had happened.

"Q. You did not see him behind the steering wheel? That is, you did not see him behind the steering wheel but outside of the automobile?

"A. Yes, sir.

"Q. Was the defendant investigating at that moment what had happened to your automobile?

"A. Yes, sir.

"Q. It was then when you saw him?

"A. Yes, sir."

He noticed that defendant stuttered when he talked, staggered and did not coordinate ideas. When questioned by the witness, defendant told him that he did not know what had happened to him, later when defendant spoke to other persons the witness heard him say that he had done nothing.

The policeman Dionisio Vélez Cruz lived in kilometer 14 of highway 167 at the time of the accident. That night while he was in his house, he heard a collision and went to the scene of the accident. He began to investigate the accident. When asked by the policeman, defendant admitted that he was driving the station wagon, although later he told him that he had not done anything. He noticed that defendant had a strong smell of alcoholic beverages, his eyes were red, and he staggered when he walked. He drove him to the police station of Bayamón and from there to the Health Center of Bayamón, where his blood sample was taken. The blood sample test yielded a .20% by weight of alcohol.

In the federal courts the established rule is that a defendant's conviction must rest upon a firmer ground than a mere uncorroborated admission or confession. *Wong Sun* v. *United States,* 371 U.S. 471, 9 L.Ed.2d 441, 456 (1963). Since the *Opper* v. *United States* case, 348 U.S. 84, 99 L.Ed. 101 (1953), the same guarantees extended to confessions were extended to admissions on the grounds that the latter are of the same character as the former. However, the corroborative evidence need not be of such a degree, and irrespective of the statements, as to establish the corpus delicti. What is required is that the People present independent substantial evidence which would tend to establish the truth of the admis-

sions. It is sufficient if the evidence of corroboration supports the essential facts admitted so as to justify an inference of their truth. *Opper* v. *United States, supra.*

In the majority of the state jurisdictions this rule has been followed, and it is a well-established principle that if a defendant's admissions, on facts which may incriminate him, are not corroborated by other evidence, they are not sufficient to support a conviction. But the courts agree that the corroborative evidence need not by itself and irrespective of the admission establish the corpus delicti; nor is it necessary that defendant's guilt be established beyond a reasonable doubt; nor need it possess a conclusive character. Circumstantial evidence can be sufficient corroboration, and when there is any evidence aliunde which tends to establish the corpus delicti, the admission can be considered in relation to that evidence to establish the corpus delicti—*Corroboration of Extrajudicial Confession or Admission,* 45 A.L.R.2d 1316 and cases cited therein.

Appellant sustains that *People* v. *Campos,* 86 P.R.R. 293 (1962), is different from the case at bar, since according to him the circumstances which the court considered sufficient to corroborate defendant's admission are absent in the present case. On the contrary, the *Campos* case is very similar to the present case, and in the latter, unlike the *Campos* case, the corroborative evidence is even stronger. In both cases, appellants were accused of driving an automobile in a state of intoxication, nobody saw defendants driving the automobile, when the police reached the scene of the accident defendants admitted being the drivers of the automobile, and the question of their being or not in a state of intoxication is not in issue. In both cases the question raised is whether the defendants' admissions were corroborated.

In the *Campos* case the corroborative evidence, which was found to be sufficient by this Court, was the following:

the policeman who investigated the facts, the only witness for the prosecution, testified that ten minutes before the accident he had seen defendant in another part of the town near the same vehicle, later he saw him at the scene of the accident near the vehicle, and it was there where he made the admission.

In the present case the witness for the prosecution, Antonio López Pérez, sees a station wagon which swerves off the highway and collides with his automobile. Naturally, since it is nighttime, he cannot see the driver while he is driving the station wagon; but the defendant is the person he sees alighting from the station wagon; and the defendant is the one he sees examining the damages caused by the collision. Later defendant admits to the other witness for the prosecution that he is the driver.

The corroborative evidence in this case is sufficient to permit the judge to make the inference that defendant was the person driving the station wagon which collided with the automobile, and there is no doubt that the crime was committed by the person charged with it.

The judgment appealed from will be affirmed.